FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HECTOR LUIS MALDONADO CANDELARIA | **DEFENDANTS**<br>BANCO BILBAO VIZCAYA ARGENTARIA (BBVA)<br>ALEJANDRO OLIVERAS RIVERA, AS CHAPTER 13 TRUSTEE |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 0186 CAGUAS PR 00726 (787)-744-7699 | **ATTORNEYS** (If Known)<br>ANGEL M. VÁZQUEZ BAUZÁ, ENR & ASSOCIATES COUNSEL FOR BBVA<br>PO BOX 191017 SAN JUAN PR 00919 |
| **PARTY** (Check One Box Only)<br>[X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CRAMDOWN, VALUATION OF COLLATERAL AND DETERMINATION OF EXTENT OF LIEN 11 U.S.C. SECTION 506

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [ ] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [ ] 14-Recovery of money/property - other | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [X] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [ ] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [ ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.* |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [ ] Check if a jury trial is demanded in complaint | Demand $ NONE |

**Other Relief Sought**

CRAMDOWN, VALUATION OF COLLATERAL AND DETERMINATION OF EXTENT OF LIEN 11 U.S.C. SECTION 506

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>HECTOR LUIS MALDONADO CANDELARIA | BANKRUPTCY CASE NO.<br>12-07559-ESL |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE<br>ENRIQUE S. LAMOUTTE |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>12/6/2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ROBERTO FIGUEROA CARRASQUILLO COUNSEL FOR PLAINTIFF |
|---|---|

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 12-07559-ESL |
|---|---|
| HECTOR LUIS MALDONADO CANDELARIA DEBTOR(S) | CHAPTER 13 |
| HECTOR LUIS MALDONADO CANDELARIA PLAINTIFF<br><br>Vs.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (BBVA)<br>ALEJANDRO OLIVERAS RIVERA AS TRUSTEE<br>DEFENDANTS | ADV. PROC. NO.<br><br>CRAMDOWN, VALUATION OF COLLATERAL, AND DETERMINATION OF EXTENT OF LIEN |

## COMPLAINT

TO THE HONORABLE COURT:

Comes now, **HECTOR LUIS MALDONADO CANDELARIA**, plaintiff herein through the undersigned attorney, and very respectfully presents the following complaint:

### INTRODUCTION

This is a complaint seeking a judgment determining the value of collateral, and provide for the surrender of title to the collateral upon full payment of secured portion of the claim. This complaint seeks to strip defendant's lien to the extent of the value of property over which the lien is attached pursuant to 11 U.S.C. § 506(a) and 11 U.S.C. §1325(a)(5)(B)(ii). This proceeding is a core proceeding.

## PARTIES

1. **HECTOR LUIS MALDONADO CANDELARIA** hereinafter plaintiff, is debtor in the above captioned Chapter 13 case.

2. Defendant, Banco Bilbao Vizcaya, **"BBVA",** is a creditor in the above captioned case.

3. Alejandro Oliveras Rivera, Esq., is brought as party co-defendant in his capacity as the appointed Trustee in this case.

## FACTS

4. On September 26, 2012, plaintiff filed the above captioned Chapter 13 Bankruptcy petition.

5. BBVA has filed a proof of claim, number (4) in the amount of $28,092.34 claiming secured status over debtors' property.

6. The collateral for the loan is a 2008 Honda Accord with a "suggested retail value" in "good" *condition of $15,540.00 as per* Blue Book that can be freely obtained at (www.kbb.com). Copy of the internet printout is attached to this complaint and marked as Exhibit I.

7. The 2008 Honda Accord (four (4) doors, identification number 1HGCP36828A079282), is in "Good" condition and the mileage is approximately 60,000.00 miles, on the date of the filing of the petition.

8. In debtor's opinion said property is valued at approximately $15,540.00, taking into consideration the purchase price, depreciation for "wear and tear", replacement values and the condition in which the property is at the moment.

9. The value of this property is less than the total amount owed to **BBVA**.

10. The amended plan filed by the debtor, dated November 7, 2012, copy of which is attached to this complaint and marked Exhibit II, proposes, with respect to **BBVA**, claim/debt, to pay value of collateral, "cramdown", in the amount of $15,540.00, and provides adequate protection, in the term of present value at the rate of prime rate plus 2%. The debtor also provides insurance at the expiration of the existing policy.

11. The prime rate on the date of the filing of this complaint was 3.25%.

12. A quote of the current prime rate can be obtained from www.bankrate.com/brm/ratewatch/leading-rates.asp. A quote and a historical list of the prime rate can be obtained from the internet site for the U.S. Federal Reserve Board at www.economagic.com/em-cgi/data.exe/fedbog/prime.

13. This Honorable Court can take judicial notice of the prime rate.

14. The debtor is exercising the "cramdown" option for which 11 U.S.C. §1325 (a)(5)(B) provides, by paying the creditor the present value at 5.25% of the total amount of the *value of the collateral* during the life of the plan, while the creditor will retain the lien until the secured portion of the claim is paid in full.

   WHEREFORE, debtor respectfully prays that this Court:
   a. Determine that the method of valuation specified above is appropriate;
   b. determines that the correct present value rate to pay in this case is 5.25%;

   c. determine the value of the lien held by **BBVA** is $15,540.00;

   d. declare that **BBVA** claim is secured only in the amount of $15,540.00;

   e. declare that once the present value of the secured portion of the claim is paid in full **BBVA** shall surrender title of the collateral to the debtor.

   f. provide any further relief under law or equity that is proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this December 6, 2012.

*[signature]*

ROBERTO FIGUEROA CARRASQUILLO
USDC 203614
R. FIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFF
PO Box 186
Caguas, P.R. 00726
Tel. 787-744-7699
Fax: 787-746-5294
Email: *rfigueroa@rfclawpr.com*

Exhibit I

**Kelley Blue Book** The Trusted Resource


advertisement                                                                  why ads?



### 2008 Honda Accord
2007 | 2008 | 2009   Style: EX Sedan 4D

**Mileage:** 60000

## Used Car Prices

### Suggested Retail

Excellent
**$15,540** ✓

### Vehicle Highlights

| | |
|---|---|
| MPG: City 21/Hwy 31 | Max Seating: 5 |
| Doors: 4 | Engine: 4-Cyl, VTEC, 2.4 Liter |
| Drivetrain: FWD | Transmission: Automatic, 5-Spd w/Overdrive |
| EPA Class: Midsize Cars | Body Style: Sedan |
| Country of Origin: Japan | Country of Assembly: United States |

## Your Configured Options

Our pre-selected options, based on typical equipment for this car.

✓ Options that you added while configuring this car.

**Engine**
  4-Cyl, VTEC, 2.4 Liter
**Transmission**
  Automatic, 5-Spd w/Overdrive
**Drivetrain**
  FWD

**Braking and Traction**
  Traction Control
  Stability Control
  ABS (4-Wheel)
**Comfort and Convenience**
  Air Conditioning
  Power Windows
  Power Door Locks
**Steering**
  Power Steering
  Tilt Wheel

**Entertainment and Instrumentation**
  AM/FM Stereo
**Safety and Security**
  Dual Air Bags
  Side Air Bags
**Seats**
  Power Seat

## Compare This Car

 2009 Honda Accord       2007 Honda Accord

 2010 Honda Accord       2006 Honda Accord

www.kbb.com/honda/accord/2008-honda-accord/ex-sedan-4d/?vehicleid=197261&intent=buy-used&...

1/2

Exhibit II

# United States Bankruptcy Court
## District of Puerto Rico

IN RE:                                                                    Case No. **3:12-bk-7559**

**MALDONADO CANDELARIA, HECTOR LUIS**                                     Chapter **13**
Debtor(s)

## CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: _____          ☑ AMENDED PLAN DATED: **11/07/2012**
☐ PRE ☐ POST-CONFIRMATION          Filed by: ☑ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$ **250.00** x **14** = $ **3,500.00**
$ **750.00** x **46** = $ **34,500.00**
$ ____ x ____ = $ ____
$ ____ x ____ = $ ____
$ ____ x ____ = $ ____

TOTAL: $ **38,000.00**

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from:
☐ Sale of Property identified as follows:
_____
_____
☐ Other: _____

Periodic Payments to be made other than, and in addition to the above:
$ ____ x ____ = $ ____

PROPOSED BASE: $ **38,000.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ **2,861.00**

Signed: **/s/ HECTOR LUIS MALDONADO CANDEL**
        Debtor

        Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ ____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. ____         Cr. ____         Cr. ____
# ____           # ____           # ____
$ ____           $ ____           $ ____
2. ☐ Trustee pays IN FULL Secured Claims:
Cr. ____         Cr. ____         Cr. ____
# ____           # ____           # ____
$ ____           $ ____           $ ____
3. ☑ Trustee pays VALUE OF COLLATERAL:
Cr. **BANCO BILBAO VIZ**  Cr. ____         Cr. ____
# **13249615806922**      # ____           # ____
$ **15,540.00**           $ ____           $ ____
4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:
_____
5. ☐ Other: _____
_____
6. ☐ Debtor otherwise maintains regular payments directly to:
_____
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: ____
              ☐ Paid 100% / ☐ Other: ____
Cr. ____         Cr. ____         Cr. ____
# ____           # ____           # ____
$ ____           $ ____           $ ____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
Priority Claim no. 2-2 (IRS): $1,262.12
Priority: $1,370.00
Debtor(s) to provide ADEQUATE PROTECTION PAYMENTS to BBVA thru the Trustee in the sum $150.00 per month for the next eight months or until confirmation. Debtor(s) to provide auto insurance upon maturity to BBVA thru Eastern America Insurance Company.
Debtor's ex-spouse to continue making current direct payments to Scotiabank.
Debtor(s) assumes residential lease with Edna Rivera Ramos.
* Late filed claims filed by creditors will receive no distribution. Debtor reserves the right to object claims after plan confirmation.

Attorney for Debtor **R. Figueroa Carrasquillo Law Office**                      Phone: **(787) 744-7699**

CHAPTER 13 PAYMENT PLAN

© 1993-2012 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only